Anton N. Handal (Bar No. 113812)
anh@handal-law.com
Gabriel G. Hedrick (Bar No. 220649)
ghedrick@handal-law.com
Lauren G. Kane (Bar No. 286212)
lkane@handal-law.com
HANDAL & ASSOCIATES
750 B Street, Suite 2510
San Diego, CA 92101
Tel: (619) 544-6400
Fax: (619) 696-0323

Attorneys for Plaintiff
e.Digital Corporation

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| e.Digital Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Nest Labs, Inc., a Delaware Corporation<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff e.Digital Corporation ("e.Digital" or "Plaintiff"), by and through its undersigned counsel, complains and alleges against Defendant Nest Labs, Inc., ("Nest" or "Defendant") as follows:

## NATURE OF THE ACTION

1.     This is a civil action for infringement of a patent arising under the laws of the United States relating to patents, 35 U.S.C. § 101, *et seq.*, including, without limitation, 35 U.S.C. §§ 271, 281.   Plaintiff e.Digital seeks a preliminary and permanent injunction and monetary damages for patent infringement.

## JURISDICTION AND VENUE

2.     This court has subject matter jurisdiction over this case for patent infringement

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

-1-

*COMPLAINT*

1  under 28 U.S.C. §§ 1331 and 1338(a) and pursuant to the patent laws of the United States of
2  America, 35 U.S.C. § 101, *et seq.*

3      3.      Venue properly lies within the Northern District of California pursuant to the
4  provisions of 28 U.S.C. §§ 1391(b), (c), and (d) and 1400(b).   On information and belief,
5  Defendant conducts substantial business directly and/or through third parties or agents in this
6  judicial district by selling and/or offering to sell the infringing products and/or by conducting
7  other business in this judicial district.   Furthermore, Plaintiff is informed and believes that
8  Defendant is headquartered and has its principal place of business in this district, engages in
9  business in this district, and that Plaintiff has been harmed by Defendant's conduct, business
10 transactions and sales in this district.

11      4.      This Court has personal jurisdiction over Defendant because, on information and
12 belief, Defendant maintains an office at 3400 Hillview Ave., Palo Alto, CA 94304, California.
13 Also, Plaintiff is informed and believes that Nest transacts continuous and systematic retail
14 business within the State of California and the Northern District of California. This Court has
15 personal jurisdiction over the Defendant because Plaintiff is informed and believes that this
16 Defendant's infringing activities, including, without limitation, the making, using, selling and/or
17 offering to sell infringing products, occur in the State of California and the Northern District of
18 California.  In particular, Defendant sells its infringing products at local retail stores within the
19 Northern District such as, by way of example, Home Depot and Best Buy.  Finally, this Court
20 has personal jurisdiction over Defendant because, on information and belief, Defendant has
21 made, used, sold and/or offered for sale its infringing products and placed such infringing
22 products in the stream of interstate commerce with the expectation that such infringing products
23 would be made, used, sold and/or offered for sale within the State of California and the Northern
24 District of California.  Finally, upon information and belief, certain of the products manufactured
25 by or for Defendant have been and/or are currently sold and/or offered for sale at, among other
26 places, the Nest website located at https://store.nest.com to consumers including, but not limited
27 to, consumers located within the State of California and this District.

28 ///

**COMPLAINT**

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

**PARTIES**

5.     Plaintiff e.Digital is a Delaware corporation with its headquarters and principal place of business at 16870 West Bernardo Drive, Suite 120, San Diego, California 92127.

6.     Upon information and belief, Defendant Nest, Inc., is a Delaware Corporation with corporate offices in the Northern District of California, located at 3400 Hillview Ave., Palo Alto, CA 94304, California.

**THE ACCUSED PRODUCTS**

7.     The Defendant's accused products for purposes of the asserted patents include but are not limited to sensor-based products and services, such as, without limitation, Defendant's remote monitoring systems, including remote sensors, servers and mobile applications sold as "Nest" branded products and services (the "Accused Products" or "Nest System").  Defendant's Accused Products also work in conjunction with mobile applications marketed, sold and/or distributed by its wholly-owned subsidiary, Dropcam, Inc.  Upon information and belief, based on the foregoing, Nest directs or controls the activities of Dropcam, Inc. or otherwise engages in a joint enterprise with Dropcam, Inc. with respect to the Accused Products.

**THE ASSERTED PATENTS**

8.     On April 7, 2015, the United States Patent and Trademark office duly and legally issued United States Patent No. 9,002,331, entitled "System and Method for Managing Mobile Communications" ("the '331 patent"), which is a continuation of U.S. Patent No. 8,311,522 ("the '522 patent).  Patrick Nunally is the sole named inventor and Plaintiff e.Digital is assignee and owner of the entire right, title and interest in and to the '331 patent and vested with the right to bring this suit for damages and other relief.  A true and correct copy of the '331 patent is attached hereto as Exhibit "A."

9.     On November 3, 2015, the United States Patent and Trademark office duly and legally issued United States Patent No. 9,178,983, also entitled "System and Method of Managing Mobile Communications ("the '983 patent").  The '983 patent is a continuation of U.S. Patent No. 8,315,618, which is, in turn, a continuation of the '522 patent.  Patrick Nunally is the sole named inventor and Plaintiff e.Digital is assignee and owner of the entire right, title and

*COMPLAINT*

1  interest in and to the '983 patent and vested with the right to bring this suit for damages and
2  other relief.  A true and correct copy of the '983 patent is attached hereto as Exhibit "B."

3  **COUNT ONE**

4  **INFRINGEMENT OF THE '331 PATENT BY DEFENDANT**

5      10.    Plaintiff re-alleges and incorporates by reference each of the allegations set forth
6  in paragraphs 1 through 9 above.

7      11.    Defendant has knowledge of infringement of the '331 patent since at least the
8  filing of this complaint.

9      12.    Generally speaking, the accused Nest System utilizes sensors, such as cameras,
10 infrared sensors, and microphones, for generating sensor data representing a characteristic(s) of
11 the user's activity.  The Nest System further stores in memory a plurality of social templates
12 containing parameters used in classifying activities, such as, for example, motion detection.
13 Sensor data is compiled the Nest System's cloud servers or other processing devices and
14 compared to the parameters of one or more social templates using, *e.g.*, the "Nest Aware"
15 service.  When detected activity satisfies certain criteria of a social template as determined by the
16 Nest System cloud servers/processors, the Nest System utilizes a social hierarchy to perform
17 varying operations, such as sending alerts or other information to users via "push" notifications
18 to Apple or Android mobile devices through the Nest or Dropcam mobile applications or via
19 email to mobile or desktop devices.

20      13.    The Accused Products, alone or in combination with other products, directly or
21 alternatively under the doctrine of equivalents practice each of the limitations of independent
22 claim 1 and 17 and dependent claims 2, 3, 4, 11, 12, and 16 of the '331 patent in violation of 35
23 U.S.C. § 271(a) when Defendant demonstrates, tests or otherwise uses the accused products in
24 the United States.

25      14.    Plaintiff alleges on information and belief that Defendant has, in the United
26 States, without authority, actively induced and continues to actively induce infringement of the
27 asserted claims of the '331 patent in violation of 35 U.S.C. § 271(b) by among other things
28 posting information about and demonstration videos showing how to infringe the asserted patents

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

-4-
*COMPLAINT*

1    as more specifically set forth below.

2         15.    Plaintiff similarly alleges upon information and belief that, without authority,

3    Defendant has contributed and continues to contribute to the infringement of the asserted claims

4    of the '331 patent in violation of 35 U.S.C. § 271(c) by importing into the United States, selling

5    and/or offering to sell within the United States accused products, that at a minimum include

6    wireless camera and/or other sensor products together with remote monitoring and

7    communication systems constituting material components of the accused products, that

8    Defendant knows were made and/or especially adapted for use in the accused products and/or are

9    especially adapted for use in infringing the asserted claims of the '331 patent; and which are not

10    otherwise staple articles of commerce suitable for substantial use in a manner that does not

11    infringe the asserted claims of the '331 patent.

12         16.    Plaintiff is informed and believes that Defendant intentionally sells, ships or

13    otherwise delivers the accused products in the United States, with knowledge that are designed to

14    and do practice the infringing features of the asserted claims of the '331 patent.

15         17.    Plaintiff alleges that Defendant encourages others to directly infringe the asserted

16    claims of the '331 patent in violation of 35 U.S.C. § 271(b) and (c) by, among other things,

17    advertising and promoting the sale and use of the accused products and providing operating

18    manuals, guides, instructional and/or informational videos and other materials designed to

19    instruct others how to use the products in an infringing manner.  In particular, Defendant's

20    product literature, materials and instructional videos advertise and encourage customers to use

21    the accused product(s) for remote monitoring, which utilizes the devices described by the '331

22    patent in a manner Defendant knows infringes the patent.

23         18.    Information about and demonstration videos showing how to use the accused

24    products so as to infringe the asserted patents are posted by Nest on its YouTube channel at

25    https://www.youtube.com/user/Nest     and       on       its       community       page       at

26    https://community.nest.com/welcome.

27         19.    The same is available on Nest's social media sites such as: Facebook

28    https://www.facebook.com/nest;      Twitter      https://twitter.com/nest/;     and      google+

**HANDAL & ASSOCIATES**
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

-5-

*COMPLAINT*

https://plus.google.com/+Nest/posts.

20.    Nest also provides operating manuals, user or installation guides, "quick reference guides," instructional/informational videos on its website and other public websites that instruct customers and end-users on how to purchase the Accused Products and set them up in conjunction with the Defendant's servers, mobile apps, and/or web sites. (See, e.g. https://nest.com/support/).  Among other things, such materials lay out step-by-step instructions on how to set up an apparatus or system that infringes the asserted claims of the asserted patents.

21.    Plaintiff believes and thereupon alleges that Nest is aware that its customers and end-users are using the accused products in an infringing manner based on, among other things: the discussions, questions, answers, and/or comments posted on its website, YouTube page, Twitter page, and/or Facebook page where Nest's authorized agents, customers and/or end-users discuss and disclose the use of the accused products, a process which Nest knows infringes the patents-in-suit as alleged herein.

22.    Plaintiff is without an adequate remedy at law and has thus been irreparably harmed by these acts of infringement.  Plaintiff asserts upon information and belief that infringement of the asserted claims of the '331 patent is continuous and ongoing unless and until Defendant is enjoined from further infringement by the court.

## COUNT TWO

### INFRINGEMENT OF THE '983 PATENT BY DEFENDANT

23.    Plaintiff re-alleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 9 above.

24.    Defendant has knowledge of infringement of the '983 patent since at least the filing of this complaint.

25.    Generally speaking, the accused Nest System utilizes sensors, such as cameras, infrared sensors, and microphones, for generating sensor data representing a characteristic(s) of the user's activity.  The Nest System further stores in memory a plurality of social templates containing parameters used in classifying activities, such as, for example, motion detection. Sensor data is compiled the Nest System's cloud servers or other processing devices and

*HANDAL & ASSOCIATES*
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

-6-

*COMPLAINT*

compared to the parameters of one or more social templates using, *e.g.*, the "Nest Aware" service. When detected activity satisfies certain criteria of a social template as determined by the Nest System cloud servers/processors, the Nest System utilizes a social hierarchy to perform varying operations, such as sending alerts or other information to users via "push" notifications to Apple or Android mobile devices through the Nest or Dropcam mobile applications or via email to mobile or desktop devices.

26. The accused products, alone or in combination with other products, directly or alternatively under the doctrine of equivalents practice each of the limitations of independent claims 1 and 20 and dependent claims 8, 12, 13, 14, 15, 16, 17, 18, 19, 27, 31, 32, 33, 34, and 35 of the '983 patent (hereafter "the asserted claims of the '983 patent") in violation of 35 U.S.C. § 271(a) when Defendant demonstrates, tests or otherwise uses the accused products in the United States.

27. Plaintiff alleges on information and belief that Defendant has, in the United States, without authority, actively induced and continues to actively induce infringement of the asserted claims of the '983 patent in violation of 35 U.S.C. § 271(b) by among other things posting information about and demonstration videos showing how to infringe the asserted patents as more specifically set forth below.

28. Plaintiff similarly alleges upon information and belief that, without authority, Defendant has contributed and continues to contribute to the infringement of the asserted claims of the '983 patent in violation of 35 U.S.C. § 271(c) by importing into the United States, selling and/or offering to sell within the United States accused products, that at a minimum include wireless camera and/or other sensor products together with remote monitoring and communication systems constituting material components of the accused products, that Defendant knows were made and/or especially adapted for use in the accused products and/or are especially adapted for use in infringing the asserted claims of the '983 patent; and which are not otherwise staple articles of commerce suitable for substantial use in a manner that does not infringe the asserted claims of the '983 patent.

29. Plaintiff is informed and believes that Defendant intentionally sells, ships or

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-7-

*COMPLAINT*

otherwise delivers the accused products in the United States, with knowledge that are designed to and do practice the infringing features of the asserted claims of the '983 patent.

30.     Plaintiff alleges that Defendant encourages others to directly infringe the asserted claims of the '983 patent in violation of 35 U.S.C. § 271(b) and (c) by, among other things, advertising and promoting the sale and use of the accused products, and by providing operating manuals, guides, instructional and/or informational videos and other materials designed to instruct others how to use the products in an infringing manner.  In particular, Defendant's product literature, materials and instructional videos advertise and encourage customers to use the accused product(s) for remote monitoring, which utilizes the devices described by the '983 patent in a manner Defendant knows infringes the patent.

31.     Information about and demonstration videos showing how to use the accused products so as to infringe the asserted patents are posted by Nest on its YouTube channel at https://www.youtube.com/user/Nest        and        on        its        community        page        at https://community.nest.com/welcome.

32.     The same is available on Nest's social media sites such as: Facebook https://www.facebook.com/nest;     Twitter     https://twitter.com/nest/;     and     google+ https://plus.google.com/+Nest/posts.

33.     Nest also provides operating manuals, user or installation guides, "quick reference guides," instructional/informational videos on its website and other public websites that instruct customers and end-users on how to purchase the Accused Products and set them up in conjunction with the Defendant's servers, mobile apps, and/or web sites. (See, e.g. https://nest.com/support/).  Among other things, such materials lay out step-by-step instructions on how to set up an apparatus or system that infringes the asserted claims of the asserted patents.

34.     Plaintiff believes and thereupon alleges that Nest is aware that its customers and end-users are using the accused products in an infringing manner based on, among other things: the discussions, questions, answers, and/or comments posted on its website, YouTube page, Twitter page, and/or Facebook page where Nest's authorized agents, customers and/or end-users discuss and disclose the use of the accused products, a process which Nest knows infringes the

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

-8-

*COMPLAINT*

1    patents-in-suit as alleged herein.

2         35.    Plaintiff is without an adequate remedy at law and has thus been irreparably

3    harmed by these acts of infringement.   Plaintiff asserts upon information and belief that

4    infringement of the asserted claims of the '983 patent is continuous and ongoing unless and until

5    Defendant is enjoined from further infringement by the court.

6                                **PRAYER FOR RELIEF**

7         WHEREFORE, Plaintiff prays for relief and judgment as follows:

8         1.    That Defendant has infringed the Patents-in-Suit;

9         2.    That Defendant, Defendant's officers, agents, servants, employees, and attorneys,

10   and those persons in active concert or participation with them, be preliminarily and permanently

11   enjoined from infringement of the Patents-in-Suit, including but not limited to any making,

12   using, offering for sale, selling, or importing of unlicensed infringing products within and

13   without the United States;

14        3.    Compensation for all damages caused by Defendant's infringement of the Patents-

15   in-Suit to be determined at trial;

16        4.    A finding that this case is exceptional and an award of reasonable attorneys fees

17   pursuant to 35 U.S.C. § 285;

18        5.    Granting Plaintiff pre-and post-judgment interest on its damages, together with all

19   costs and expenses; and,

20        6.    Awarding such other relief as this Court may deem just and proper.

21                                         HANDAL & ASSOCIATES

22

23   Dated: January 22, 2016        By:    /s/Gabriel G. Hedrick
                                           Gabriel G. Hedrick
24                                         Attorneys for Plaintiff
                                           e.Digital Corporation
25

26

27

28

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

-9-

*COMPLAINT*

1

### **DEMAND FOR JURY TRIAL**

2

Plaintiff hereby demands a trial by jury on all claims.

3

4                          HANDAL & ASSOCIATES

5

Dated: January 22, 2016          By:      /s/Gabriel G. Hedrick

6                                          Gabriel G. Hedrick
                                           Attorneys for Plaintiff
7                                          e.Digital Corporation

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*HANDAL & ASSOCIATES*
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-10-

*COMPLAINT*

1

## CERTIFICATE OF SERVICE

2    The undersigned hereby certifies that a true and correct copy of the foregoing document

3  has been served on this date to all counsel of record, if any to date, who is deemed to have

4  consented to electronic service via the Court's CM/ECF system per CivLR 5.4(d).  Any other

5  counsel of record will be served by electronic mail, facsimile and/or overnight delivery upon

6  their appearance in this matter.

7    I declare under penalty of perjury of the laws of the United States that the foregoing is

8  true and correct.  Executed this 22nd day of January 2016 at San Diego, California.

9

10

11  Dated: January 22, 2016          By:    /s/ Gabriel G. Hedrick

12                                    Gabriel G. Hedrick

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*HANDAL & ASSOCIATES*
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

-11-

*COMPLAINT*